UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

MARK W. ROHRBAUGH
39946 Peacock Circle
Paeonian Springs, Virginia 20129

    Plaintiff,

v.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY
900 Cottage Grove Road
Bloomfield, Connecticut 06002

    Defendant.

Civil Action No. 1:15CV613 JCC/TCB
(Removed from General District Court
of Loudoun County, Virginia
Case No. GV15001665-00)

NOTICE OF REMOVAL

Defendant, Cigna Health and Life Insurance Company ("Cigna"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446(b) & (d) and 29 U.S.C. § 1132, removes this action from the General District Court of Loudoun County, Virginia. In support of removal, Cigna states as follows:

    1.    On or about April 3, 2015, *pro se* plaintiff, Mark W. Rohrbaugh, filed a warrant in debt against Cigna in the Small Claims Division of the General District Court of Loudoun County, Virginia, which was assigned Case No. GV15001665-00.

    2.    Cigna's resident agent, CT Corporation System, was served with a summons and the warrant in debt on April 13, 2015. (Copies of the warrant and attached documents received by Cigna are attached as exhibit A).

    3.    Under 28 U.S.C. § 1446(b)(1), the "notice of removal of a civil action or proceeding shall be filed within thirty [30] days after the receipt by the defendant, through service or otherwise, of a copy

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty [30] days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Based on Supreme Court precedent, service of the summons and complaint upon CT Corporation System triggered the time for removal. *See Murphy Bos. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999); *see also Pair v. Welco-CGI Gas Techs., LLC*, No. 3:10cv388, 2010 U.S. Dist. LEXIS 111407, 2010 WL 4279409 (E.D. Va. Oct. 19, 2010).

4. Since CT Corporation System was served on April 13, 2015, the thirty days for removal commenced on April 14. *See* Fed. R. Civ. P. 6(a). Cigna's filing of the notice of removal, therefore, is timely under 28 U.S.C. § 1446(b)(1). *See Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) ("The defendant must file the notice of removal within thirty days of service.").

5. In the warrant in debt, plaintiff claims Cigna owes plaintiff a debt in the amount of $3,738.69 with interest at 0% from February 22, 2013 and $56 in costs. (*See* Ex. A.)[1] Plaintiff describes his claim as an "out-of-network coverage of fees." (*See* Ex. A.)

6. The benefits plaintiff seeks are provided and funded by an employer, Independent Project Analysis, Inc., for the benefit of its employees. Plaintiff's spouse is an employee of Independent Project Analysis and a plan participant, and plaintiff is a plan beneficiary. *See* 29 U.S.C. § 1002(7) & (8). The self-funded plan established, maintained, and fully funded by the employer, Independent Project Analysis, Inc., for the benefit of its employees, is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq. See* 29 U.S.C. § 1002(1) (ERISA defines an "employee welfare benefit plan" as any plan, fund, or program established or maintained by an employer for the purposes of providing participants or their beneficiaries with medical, surgical, or hospital care or benefits, or benefits in the event of sickness).

---

[1] The truth of the allegations in the warrant in debt is assumed solely for purposes of the notice of removal.

7. The ERISA preemption provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 20 U.S.C. § 1144(a). The ERISA preemption extends to and includes state-law claims that "relate to" an ERISA plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Plaintiff's warrant in debt seeks to hold Cigna liable for the payment of self-funded plan benefits for services provided by an out-of-network provider. (*See* Ex. A.) The claim, therefore, relates to the Plan and is preempted by ERISA. *See FMC Corp. v. Holliday*, 498 U.S. 52 (1990).

8. Indeed, plaintiff's claim conflicts with clear congressional intent to make ERISA, 29 U.S.C. § 1132, his exclusive remedy. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004); *see also* 29 U.S.C. 1132(e). "Thus, the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state … law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Hence 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Davila*, 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)); *see also Darcangelo v. Verizon Comm's, Inc.*, 292 F.3d 181, 186-87 (4th Cir. 2002). Accordingly, this Court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. § 1331.

9. Based on the foregoing, Cigna submits this action is properly removable under 28 U.S.C. § 1441 (removal jurisdiction) and this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA jurisdiction) because plaintiff's claim against Cigna is preempted by ERISA and falls within ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a); *Metropolitan Life*, 481 U.S. at 63-67.

10. Copies of all process, pleadings, orders, notices, and other matters served on Cigna in the State Court Action are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

11.     As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being given to the adverse party and is being filed contemporaneously in the General District Court of Loudoun County, Virginia.  (A copy of the Notice of Filing of a Notice of Removal to the United States District Court Eastern District of Virginia, without attachments, is attached as exhibit B.)

WHEREFORE, Cigna Health and Life Insurance Company hereby removes the above-captioned matter from the General District Court of Loudoun County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Respectfully submitted,

_____
Michael E. McCabe, Jr. (VSB No. 77936)

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)
mmccabe@fblaw.com

*Attorney for Defendant,*
*Cigna Health and Life Insurance Company*

Dated:  May 13, 2015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2015, a copy of the foregoing Notice of Removal was mailed, first class, postage prepaid, to:

> Mark W. Rohrbaugh
> 39946 Peacock Circle
> Paeonian Springs, Virginia 20129
>
> *Plaintiff*

_____
Michael E. McCabe, Jr.

30103.062: 174852