IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARK W. ROHRBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:15-cv-613 (JCC/TCB) |
| | ) |
| CIGNA HEALTH AND LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### <u>**M E M O R A N D U M   O P I N I O N**</u>

This matter is before the Court on Defendant Cigna Health and Life Insurance Company's Motion to Dismiss. [Dkt. 5.] For the following reasons, the Court will grant the motion and dismiss the case.

#### **I. Background**

At the motion to dismiss stage, the Court must read the complaint as a whole, construe the complaint in a light most favorable to the plaintiff, and accept the facts alleged in the complaint as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

On April 3, 2015, <u>pro</u> <u>se</u> Plaintiff Mark W. Rohrbaugh ("Plaintiff") filed a warrant in debt against Cigna Health and Life Insurance Company ("Cigna") in the Small Claims Division of the General District Court of Loudoun County, Virginia. (Compl. [Dkt. 1-1].) Cigna was served on April 13, 2015. (Compl. at

1

1.)  On May 13, 2015, Cigna timely removed the case to this Court.  (Notice of Removal [Dkt. 1].)  Plaintiff claims that Cigna owes him a debt for "out-of-network coverage of fees" in the amount of $3,738.69.  (Compl. at 3.)  Plaintiff is the beneficiary of a self-funded employee welfare benefit plan ("the Plan") that is established and maintained by his spouse's employer, Independent Project Analysis, Inc.[1]  (See Def.'s Mem. [Dkt. 5-1] Ex. 1.)  The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  (Id. at 2, 50.)  The employer is the Plan sponsor and administrator that is fully responsible for the self-funded benefits.  (Id. at 2-3, 50.)  Cigna is a contracted provider of administrative claim processing services and does not insure the Plan.  (Id.)

On May 20, 2015, Cigna filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, a memorandum in support, and a Roseboro Notice.

---

[1] When considering a motion to dismiss, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006).  However, courts may consider "documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Phillips v. Pitt Cnty. Mem'l Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (citation omitted).  The Plan is integral to the claims asserted in the complaint as well as arguments raised in the motion to dismiss and thus properly considered by the Court at this stage.

(Def.'s Mot. to Dismiss [Dkt. 5]; Def.'s Mem. [Dkt. 5-1]; Roseboro Notice [Dkt. 5] at 4.)  Plaintiff filed a brief in opposition to the motion [Dkt. 8] and appeared at the hearing held on June 11, 2015.  Subsequently, Plaintiff also filed an "Addendum #1" [Dkt. 10], which was also considered by the Court.  Therefore, the motion is ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citation omitted).

## III. Analysis

The Fourth Circuit has held that "the pursuit and exhaustion of internal Plan remedies is an essential prerequisite to judicial review of an ERISA claim for denial of benefits."  Gayle v. UPS, 401 F.3d 222, 230 (4th Cir. 2005)

3

(citing Norris v. Citibank, N.A. Disability Plan, 308 F.3d 880, 884 (8th Cir. 2002); Makar v. Health Care Corp. of Mid-Atlantic (Carefirst), 872 F.2d 80, 82 (4th Cir. 1989)).  "An ERISA claimant generally is required to exhaust the administrative remedies provided in his or her employee benefit plan before commencing an ERISA action in federal court."  Hickey v. Digital Equip. Corp., 43 F.3d 941, 945 (4th Cir. 1995) (citing Makar, 872 F.2d at 82).

Here, Plaintiff claims he is due certain distributions from the Plan to cover "out-of-network coverage of fees" in the amount of $3,738.69.  (Compl. at 3.)  Because he is claiming that he was due these distributions under the Plan, he must first exhaust the administrative remedies provided by the Plan.  See Woodard v. Fredericksburg Hospitalist Group, P.C., No. 1:12cv261 (JCC/TCB), 2012 WL 2045403, at *3 (E.D. Va. June 5, 2012) (citation omitted).  The warrant in debt filed in state court makes no assertion that Plaintiff filed a claim for benefits under the Plan, or otherwise exhausted administrative remedies provided by the Plan.  Because Plaintiff has not exhausted the administrative remedies and procedures available, in order for the Court to hear his claim, Plaintiff must first make the "clear and positive showing of futility required to circumvent the exhaustion requirement."  Hickey, 43 F.3d at 945 (citing Makar, 872 F.2d at 83).  There is no indication from the

pleadings that Plaintiff has started the administrative process, much less exhausted it, or any showing of futility that would otherwise circumvent the exhaustion requirement.  At this stage, the Court assumes Plaintiff's allegations are true; however, there is simply no allegation in Plaintiff's warrant in debt that the administrative remedy was attempted, exhausted, and/or futile.  Accordingly, dismissal without prejudice is appropriate to allow Plaintiff to pursue administrative remedies before seeking judicial review of his ERISA claim.  Woodard, 2012 WL 2045403, at *3.

## IV. Conclusion

For the following reasons, the Court will grant the Defendant's motion and dismiss the complaint without prejudice.

An appropriate Order shall issue.

|  | /s/ |
|---|---|
| June 17, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |